LEHRER, et ux v. AmPOL, et ux.

No. 70-C-2222.

Circuit Court, Fifteenth Judicial Circuit.

August 9, 1971.

James Nemec, West Palm Beach, for plaintiffs.

John D. Ayres, Boca Raton, for defendants.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* Plaintiffs charge defendants, whose home adjoins theirs, with violating certain restrictive covenants contained in their common subdivision deeds and demand injunctive relief or, in the alternative, damages. The respective parties also pleaded mutual claims regarding trespass, destruction of property and general harassment and annoyance which have been resolved by entry of an interlocutory consent order enjoining further acts of that nature.

Plaintiffs' complaint alleged that defendants violated a restriction providing that "fences must be of 'cyclone' type chain link only," by constructing a wooden slat fence and a metal wrought iron fence. Since suit was instituted defendants have agreed to take down their wooden slat fence, leaving in issue whether their wrought iron fence, which surrounds a swimming pool and adjoining areas partly bordering plaintiffs' property, constitutes an actionable violation of the restriction.

The testimony showed that defendants' fence can properly be considered a cyclone type fence. Although it is admittedly not a chain link fence, it is apparent from pictures of the wrought iron fence on the defendants' property that the same does not tend to restrict the flow of air or interfere with plaintiffs' view any more than would a chain link fence. The wrought iron fence is not shown by the evidence to be offensive, objectionable or deficient with respect to safety and aesthetic considerations, which it is natural to assume were bases for the designated fence requirements. Nor is it shown that the value of plaintiffs' property has been adversely affected by defendants' fence. In light of the principle that courts should be practical and sensible rather than fastidious in their interpretation of such restrictions, this court finds that defendants' wrought iron fence does not constitute an actionable violation of the restrictive covenant in question.

Plaintiffs also complain that a concrete retaining wall bordering defendants' swimming pool area constitutes a fence in violation of

the restriction. The wall appears above ground level only where defendants' land dips to a seawall adjoining a waterway, where it is seen as a heightening or elevation of the seawall bordering defendants' lot. The court finds plaintiffs' contention to be untenable.

Plaintiffs further allege that the construction of the above "concrete fence" and swimming pool changed the elevation of the defendants' lot "as to materially affect the surface grade of the surrounding lots, including the plaintiffs' lot, contrary to the restrictions contained in the defendants' deed as found under paragraph 7." The pertinent provisions of the latter are as follows —

> ". . . The elevation of a lot shall not be changed as to affect materially the surface grade of the surrounding lots."

The evidence shows conclusively that the defendants' construction of their concrete wall and swimming pool has not affected the surface grade of plaintiffs' lot or other surrounding lots; nor has it affected the surface grade of defendants' lot where it borders plaintiffs' property. The latter does not adjoin the waterway, and defendants' retaining wall and fill are restricted to the depressed area adjacent to the waterway. Plaintiffs' counsel has been unable after long search to supply the court with any authority in support of his contention that "the filling in of the defendants' lot changes the topography and comparative levels of the adjoining lots and by changing the comparative levels is in violation of the restriction above mentioned."

In view of the findings and conclusions stated, certain other defenses interposed by defendants, including acquiescence and waiver, need not be considered.

It is thereupon ordered and adjudged that the injunction and restraining order herein dated June 18, 1971, is made permanent and the respective parties are hereby ordered and required to abide by the same. Defendants having agreed to plaintiffs' demand for removal of their wooden fence, plaintiffs' demand for further relief is denied. Costs shall be payable by the parties who incurred the same.